HIRAM B. BLAUVELT AND ANOTHER, AS EXECUTORS, ETC., OF REBECCA DE NOYELLES, DECEASED, RESPONDENTS, *v.* DANIEL DE NOYELLES AND OTHERS, AS EXECUTORS, ETC., OF EDWARD DE NOYELLES, DECEASED, APPELLANTS.

*Legacy — when it becomes a charge upon real estate by the wrongful act of the executors — when executors will be charged with interest on the arrears of an annuity.*

A testator bequeated to his wife, in lieu of dower, the income of $5,000 during her life, and directed his executors to invest that sum and pay over to her the interest or income thereof as it accrued. He also, after providing for the payment of certain other legacies, gave to the persons whom he appointed his executors, individually as residuary legatees, the residue of his personal and all his real estate, and provided that if the personal estate should be insufficient to provide for the legacy to the wife, that then it should become a charge upon the real estate. The personal estate was, at the time of the death of the testator, sufficient to pay all debts and legacies, but became insufficient to pay that of the wife, by reason of its misappropriation by the executors:

*Held,* that, as between the executors and the widow (the rights of creditors and

of the other legatees not being considered), her legacy thereby became a charge upon the real estate.

Although ordinarily executors who have acted in good faith are not chargeable with interest upon arrears of annuities, yet, where they have betrayed their trust in investing the fund, the income of which was given to the legatee, they will be charged with interest thereon.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury.

The action was brought by the plaintiffs' testatrix, who died soon after the trial, to recover the arrears of interest due upon a $5,000 fund, bequeated to her by her husband, the defendants' testator.

*George W. Weiant,* for the appellants.

*Edward Wells,* for the respondents.

GILBERT, J.:

Edward De Noyelles, by his will, gave to his wife the interest or income of $5,000 for life, in lieu of dower, and directed his executors to invest that sum and to pay the interest or income thereof from the time of his death to his wife as the same should accrue. The will also directed that this legacy, with others, should be paid out of the personal estate; but in case that should not be sufficient for that purpose, then that the same should be chargeable in equal proportions upon the real estate which, by the will, he devised to the executors, John and Daniel De Noyelles. The defendants, John and Daniel, are executors of the will as well as the residuary legatees and devisees therein named. The personal estate left by the testator was more than sufficient to pay all his debts and also all the legacies bequeathed by his will. But in consequence of a misappropriation thereof by the defendant it turned out to be insufficient to discharge the legacy to his widow. The question is whether that legacy has become charged upon the lands devised to the executors, John and Daniel De Noyelles. It is not disputed that they have become personally liable for the amount due to the legatee, but the charge upon their lands is contested. There is a positive direction in the will to pay the legacy. It was charged primarily upon the personal estate, and it was only in case that should not be

sufficient for the purpose that it was to become charged upon the real estate. The defendants having unlawfully disposed of the personal estate left by the testator, now set up their own breach of duty as executors to exonerate the lands devised to them. If the question were one between the plaintiff and creditors or other legatees it might be contended with reason that the legacy in question should suffer abatement. But I see no reason why executors, who have caused a deficiency of personal assets by their own misconduct, should be permitted to acquire any advantage by means of such a wrong. The will does not in terms make the charge dependent upon the time when this deficiency happened. If it had existed before or at the time of the testator's death no question on that point could arise. If the personal assets received by the executors had been lost by the insolvency of debtors or depreciation of securities, or if they had perished by fire or other means of destruction, it could hardly be claimed that a deficiency of assets had not been revealed which rendered the legacy a charge upon the land devised as against residuary legatees or devisees. *A fortiori*, the charge should be established when the assets have been wasted by the fraud or negligence of the executors and devisees. The intention of the testator, we think, is plain. It was that his widow should be paid her legacy in any event; out of the personal estate if that should be sufficient; but if at any time when payment of the legacy might be lawfully demanded, the personal assets should be insufficient to pay it, then that it should become a charge upon the land to the extent of such deficiency. The legacy was a bequest prior and preferable to the gift to the executors, because the latter gift was one to be satisfied only from the residuum of the personal and real estate, and the legacy to the widow was not a mere bounty, but was given in lieu of dower. The executors could not retain the residuum of personal assets alone, which had been bequeathed to them, after having misappropriated a specific fund, the income of which was bequeathed to the widow. (*Morris* v. *Livie*. 1 Y. & Coll. C. C., 380.) Nor should they be permitted to defeat a legatee by having the lands, charged secondarily with the payment of a legacy, exonerated from such charge, after having committed such a breach of duty.

Ordinarily executors who have acted in good faith are not chargeable with interest upon arrears of annuities. In this case, however,

the executors betrayed their trust to invest the fund, the income of which was given to the legatee. We think, therefore, that they were properly charged with interest in lieu of income, and interest upon the annual arrears thereof. Williams' Executors, 1428; *Isenhart* v. *Brown*, 2 Edw. Ch. R., 341.)

The judgment should be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment and order granting allowance affirmed, with costs.